UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| Jeffrey Paino,<br><br>        Plaintiff,<br><br>v.<br><br>ProCollect, Inc.,<br><br>        Defendant. | Civil Action No.: 3:14-cv-2554<br><br>**COMPLAINT** |

For this Complaint, Plaintiff, Jeffrey Paino, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), in its illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. Plaintiff, Jeffrey Paino ("Plaintiff"), is an adult individual residing in Grand Prairie, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant ProCollect, Inc. ("ProCollect"), is a Texas business entity with an address of 12170 North Abrams Road, Suite 100, Dallas, Texas 75243, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A.     **The Debt**

5.     Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

6.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7.     The Debt was purchased, assigned or transferred to ProCollect for collection, or ProCollect was employed by the Creditor to collect the Debt.

8.     ProCollect attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B.     **ProCollect Engages in Harassment and Abusive Tactics**

9.     In October 2013, ProCollect began contacting Plaintiff in an attempt to collect the Debt.

10.    On or about January 28, 2014, ProCollect called Plaintiff's father and left a voicemail message.  The message disclosed that the call was from ProCollect and stated that Plaintiff's father was being contacted because Plaintiff listed him as a "personal reference".

11.     Upon information and belief, Plaintiff did not list his father as a reference at the time the Debt was incurred.

12.    In addition, the message to Plaintiff's father requested that he "please relay a message" to Plaintiff.

C.     **Plaintiff Suffered Actual Damages**

13.    Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

14. As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

15. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. Defendant's conduct violated 1692b in that Defendant called a third party for a purpose other than to confirm or correct location information.

17. Defendant's conduct violated 1692b(1) in that Defendant disclosed the name of the collection agency to a third party without being asked to do so.

18. Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

19. Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive and/or misleading representations or means in connection with collection of the Debt.

20. Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect the Debt.

21. Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect the Debt.

22. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA.

23. Plaintiff is entitled to damages as a result of Defendant's violations.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Punitive damages; and

5. Such other and further relief as may be just and proper.

### **TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: July 16, 2014

Respectfully submitted,

By */s/ Jenny DeFrancisco*

Jenny DeFrancisco, Esq.
CT Bar # 432383
LEMBERG LAW, L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
E-mail: jdefrancisco@lemberglaw.com